1
2
3
4
5
6
7           **UNITED STATES DISTRICT COURT**
8               **DISTRICT OF NEVADA**
9
10   MALCOLM LATHION GRAY,
11         *Petitioner*,                          2:04-cv-01328-KJD-RJJ
12
13   vs.                                          ORDER
14   JAMES G. COX, *et al.*,
15         *Respondents*.
16

17          This reopened habeas matter under 28 U.S.C. § 2254 is before the Court on the
18   respondents' second motion (#25) to dismiss on the basis of untimeliness as well as on
19   petitioner's motion (#31) for leave to file a supplemental petition.  Following review, the Court
20   concludes that an evidentiary hearing should be held on petitioner's claim of equitable tolling.
21                                    ***Background***
22          Petitioner Malcolm Lathion Gray seeks to set aside his conviction, following a jury
23   verdict, for second degree murder with use of a deadly weapon.  He was sentenced to two
24   consecutive life sentences with the possibility of parole.
25          Petitioner's judgment of conviction was filed on December 14, 1995, and the Supreme
26   Court of Nevada affirmed on direct appeal on December 30, 1997. #10, Exhs. 2 & 4.  Under
27   28 U.S.C. § 2244(d)(1)(A), the one-year limitation period began running on the day after the
28   time expired for seeking *certiorari* in the United States Supreme Court, *i.e.,* on or about March

30, 1998.  Accordingly, unless otherwise tolled, the one-year period for bringing a federal habeas action would expire one year later, on or about March 30, 1999.

Through counsel, petitioner filed a petition for state post-conviction relief on October 19, 1998, after approximately 203 days (nearly seven months) of the one-year limitation period had run.  On December 16, 1998, the state district court issued an order denying the petition on written findings and conclusions.  However, the state court clerk did not properly serve notice of entry of the order denying the petition.  Over two years later, on March 11, 2002, petitioner filed a *pro se* notice of appeal.  The Supreme Court of Nevada held that the notice of appeal was timely because of the state court clerk's failure to properly serve notice of entry of the district court order.  The appeal thereafter was pursued by counsel.  On September 3, 2003, the Supreme Court of Nevada affirmed the denial of the post-conviction petition on the merits. #10, Exhs. 6-11.  The remittitur issued on September 30, 2003. See #3, Ex. 3.

Absent tolling, the one-year limitation period thus would expire 162 days later, *i.e.,* on or about March 8, 2004.  However, the federal petition was not mailed for filing until over six months later, on or about September 21, 2004.  Thus, absent tolling, the petition would be subject to dismissal as time-barred under § 2244(d)(1).

In response to the Court's initial *sua sponte* inquiry into timeliness, petitioner maintained that he could establish grounds for equitable tolling for the period from the issuance of the remittitur on September 30, 2003, through July 12, 2004.  According to petitioner,[1] the remittitur and order of affirmance were sent to petitioner's post-conviction appellate counsel rather than petitioner; and counsel did not advise petitioner of the Nevada Supreme Court's order.  On November 13, 2003, counsel sent petitioner his court files, but there again was no mention of the Nevada Supreme Court order affirming the district court.  Petitioner was unable to make any further contact with counsel, and he wrote to the Nevada Supreme Court to determine the status of his appeal.  On July 12, 2004, he received a letter

---

[1]The Court makes no credibility or factual findings as to the circumstances described by petitioner.

1  from the state supreme court clerk copying him with the Nevada Supreme Court order in

2  response to his inquiry. #3, at 4-5.

3      The Court pretermitted further *sua sponte* consideration of the timeliness issue but

4  without prejudice to the respondents' possible pursuit of the issue. #4.

5      In their first motion (#10) to dismiss, the respondents sought, *inter alia*, dismissal of the

6  petition with prejudice as untimely and, in the alternative, dismissal of the petition without

7  prejudice as a mixed petition including unexhausted claims.

8      On the timeliness issue, the sole contention advanced by respondents was that

9  petitioner was not entitled to equitable tolling because he did not demonstrate due diligence

10  between the time of the December 16, 1998, state district court order and his March 11, 2002,

11  notice of appeal.  The Court rejected this contention on the following basis:

12              . . . [P]etitioner need not establish equitable tolling for this
          period of time because the period was subject to statutory tolling.
13          Under Section 2244(d)(2), "[t]he time during which a properly filed
          application for State post-conviction or other collateral review with
14          respect to the pertinent judgment or claim is pending shall not be
          counted toward any period of limitation under this subsection." 28
15          U.S.C. § 2244(d)(2).  As found by the Supreme Court of Nevada,
          the final authority on Nevada state procedural law, the state
16          district court's order had not become final and non-appealable
          due to the state court clerk's error.  Gray's post-conviction
17          application thus remained pending during the entirety of the time
          period in question and thus gave rise to statutory tolling under
18          Section 2244(d)(2).  Accordingly, on the showing made by
          respondents in the motion to dismiss, the Court is not persuaded
19          that the petition is time-barred under the AEDPA.

20  #16, at 4.

21      On the exhaustion issue, the petitioner conceded that Grounds Three through Twenty

22  were not exhausted.  On October 14, 2005, following further proceedings, the matter was

23  stayed and administratively closed while petitioner returned to state court to exhaust the

24  unexhausted claims.   Thereafter, on petitioner's motion, this matter was reopened on

25  November 8, 2006.

26      In the their second motion to dismiss, respondents contend that petitioner cannot

27  establish equitable tolling for the period after September 30, 2003.  Petitioner additionally has

28  filed a motion for leave to file a supplemental petition, in which he seeks to raise new claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***Governing Federal Limitation Law***

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context presented here, a federal habeas petition must be filed within one year after "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

The AEDPA one-year statute of limitation may be equitably tolled "if *extraordinary* circumstances beyond the prisoner's control make it impossible to file a petition on time." *E.g., Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)(emphasis in original).  The petitioner has the burden of proof on this "extraordinary exclusion."  292 F.3d at 1065.  He accordingly must demonstrate a causal relationship between the extraordinary circumstances and the lateness of his filing.  *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Equitable tolling is "unavailable in most cases;" and the threshold necessary to trigger equitable tolling is "very high, lest the exceptions swallow the rule."  *Miranda*, 292 F.3d at 1066.

Determining whether equitable tolling is warranted is a fact-specific inquiry, however; and, as a discretionary doctrine that turns on the facts and circumstances of each particular case, equitable tolling does not lend itself to bright-line rules.  *Spitsyn*, 345 F.3d at 799 & 801. *See also Whalem/Hunt v. Early*, 233 F.3d 1146, 2248 (9th Cir. 2000)(*en banc*)(remanding for evidentiary hearing so that equitable tolling issue could be considered on an adequate record).

***Discussion***

The Court is not persuaded by the respondents' arguments that, on the face of the record, petitioner cannot establish a basis for equitable tolling as a matter of law and that an evidentiary hearing therefore is unwarranted.

/ / / /

-4-

1    Respondents first contend that there was no reason for post-conviction appellate

2 counsel to inform petitioner of the Nevada Supreme Court's order because Gray asserted in

3 his show cause response that he was proceeding *pro se*.  Gray did indeed contend therein

4 that the Supreme Court of Nevada should have sent the order to him rather than counsel

5 because he initially filed the appeal *pro se*.  Despite this contention by petitioner, the state

6 court record materials filed by respondents reflect that the post-conviction appeal ultimately

7 was pursued by the same counsel who represented Gray on the petition in the state district

8 court.  The cc's on the Nevada Supreme Court's September 3, 2003, order reflect that the

9 order went to counsel, not petitioner.  *See* #10, Exhs. 6-11.  The critical point for Gray's

10 equitable tolling argument is that he maintains that he did not receive any notice – either from

11 counsel or the Nevada Supreme Court – that an order had been issued until he received

12 correspondence from the Supreme Court on July 12, 2004, responding to his inquiry.

13    Respondents nonetheless urge that Gray cannot rely upon any failure of counsel to

14 inform him of the order because Gray maintains that he should have received notice of the

15 order from the Nevada Supreme Court as a *pro se* litigant.  Respondents assert that if Gray

16 was *pro se* as he maintains, then it was solely his duty to determine the status of the state

17 post-conviction appeal.  The respondents' contention – in effect that Gray legally cannot rely

18 upon counsel's failure to inform him of the order because he maintains that the Nevada

19 Supreme Court instead should have sent the order to him because he was proceeding *pro*

20 *se* – is unpersuasive.  If Gray is correct that he was proceeding *pro se*, then the state high

21 court sent the order to the wrong place; and any proposition that an attorney would have no

22 ethical obligation to inform a former client of such a misdirected order is highly problematic.

23 If, as the state court record suggests, Gray is not correct that he was proceeding *pro se* at the

24 time of the order, then his counsel allegedly failed to inform him of the order.  Either way, the

25 critical point remains that Gray alleges that neither the court nor the attorney informed him of

26 the order prior to July 12, 2004.

27    Respondents next contend that petitioner "must demonstrate in what manner attorney

28 Amesbury's forty-four (44) day delay in relaying GRAY's file to him amounted to an

-5-

1    impediment external to GRAY's control." #25, at 10.  This argument misconstrues petitioner's

2    claim of equitable tolling.  Petitioner is not relying on counsel's delay in forwarding the file --

3    which he asserts did not contain the Nevada Supreme Court order -- until November 13,

4    2003.  Petitioner instead is relying on counsel's failure to inform him, at that juncture or

5    thereafter, that the September 3, 2003, order had been issued, such that he did not learn of

6    the order until July 12, 2004.

7         Finally, respondents contend that "GRAY must demonstrate that, in fact, attorney

8    Amesbury did **not** affirmatively advise him of the outcome of the post-conviction appeal." #25,

9    at 10 (emphasis in original).  Petitioner has consistently asserted herein that counsel did not

10   inform him of the September 3, 2003, order affirming the denial of post-conviction relief.

11        The Court accordingly will hold an evidentiary hearing on the equitable tolling issue,

12   a step which further requires that the Court appoint counsel for petitioner pursuant to Habeas

13   Rule 8(c).[2]

14        The Court's intention is to resolve the motion to dismiss as promptly as possible and

15   in all events by September 30, 2007.  The Court accordingly, in the scheduling order issued

16   after the appearance of counsel for petitioner, may set a date for an evidentiary hearing on

17   the motion for a date as soon as sixty days following entry of the scheduling order.  If counsel

18   will need more than sixty days between the scheduling order and the hearing, counsel shall

19   so advise in the notice of appearance.  Counsel will be able to present argument on the

20   motion to dismiss in the pre-hearing memorandum.

21        The Court additionally will hold the petitioner's motion for leave to file a supplemental

22   petition under submission pending argument by appointed counsel.  Counsel will have an

23

24   _____

25        [2]The Court is not persuaded by the petitioner's argument that the Supreme Court of Nevada and this
     Court have held that he is entitled to equitable tolling and that further inquiry is barred by *res judicata*.  The
26   period in question on the present motion is the period after the issuance of the remittitur on September 30,
     2003.  The Supreme Court of Nevada did not address that period of time.  This Court deferred further
27   consideration of this time period on its *sua sponte* inquiry without prejudice to the respondents' further pursuit
     of the issue; and the Court's denial of the first motion to dismiss expressly was on the showing made, which
28   did not concern the period of time after September 30, 2003.  Moreover, an interlocutory non-final order of
     this Court does not provide a basis for a plea of *res judicata*.

opportunity in the pre-hearing memorandum to address both: (a) whether the claims in the supplemental petition relate back under *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005), if, *arguendo*, the original petition is not time-barred; and (b) whether the claims tendered in the supplemental petition otherwise are timely if, *arguendo*, the original petition is time-barred.  The Court notes in the latter regard that petitioner asserts that the supplemental claims all arise from the original criminal record.

IT THEREFORE IS ORDERED that an evidentiary hearing will be held in this matter on the respondents' motion to dismiss on a date to be established by subsequent order and that, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases and 18 U.S.C. § 3006A, counsel will be appointed for petitioner.

IT FURTHER IS ORDERED that the Federal Public Defender for the District of Nevada shall have thirty (30) days to undertake direct representation of the petitioner or to indicate to the Court its inability to represent the petitioner in these proceedings.  If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

The Clerk of Court shall send a copy of this order to the Federal Public Defender and to the CJA Coordinator for this Division.

DATED:  April 10, 2007.

_____
KENT J. DAWSON
United States District Judge